UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SOLANLLY CABRERA, | |
| Petitioner, | Civ. No. 10-2713-WJM |
| v. | OPINION |
| UNITED STATES OF AMERICA, | HON. WILLIAM J. MARTINI |
| Respondent. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on Solanlly Cabrera's petition for writ of error *coram nobis*. She served three years of supervised release and now seeks to vacate her conviction to avoid deportation. For the reasons discussed below, the Court finds that Cabrera's petition is legally sufficient and will order an evidentiary hearing.

## I.   Background[1]

Cabrera was born in the Dominican Republic and became a lawful permanent resident of the United States in July of 1992. In April 2001, Cabrera, on advice of counsel, pled guilty to a one-count information charging her with being part of a conspiracy involving food stamp fraud. Cabrera received no money from the fraud; she worked as a cashier at a grocery store and acted at the direction of her employer. Given her minimal role and her extensive cooperation in the investigation surrounding the fraud, the government moved for a downward departure, and in October of 2001, the United States District Court for the District of New Jersey, Judge Harold A. Ackerman, sentenced her to three years probation. At no time during the proceedings or prior thereto did any individual give Cabrera any notice regarding immigration consequences. In February 2008, Cabrera returned from a brief trip abroad and was placed in removal proceedings. On March 31, 2010, the Supreme Court's decided *Padilla v. Kentucky*, 130 S. Ct. 1473

---

[1] For the purposes of considering the initial merit of Cabrera's petition, the Court has assumed the truth of the factual allegations thereof; the Court has drawn these facts from that petition. *Elmour v. Government of the Virgin Islands*, 2011 WL 98928, at *3 & n.15 (D.V.I. Jan. 6, 2011) (considering petition for writ of *coram nobis*); *see also United States v. Dawson*, 857 F.2d 923, 927 (3d Cir. 1988) (considering ineffective assistance of counsel claim).

(Mar. 31, 2010). In *Padilla*, the Supreme Court held that a defense counsel's failure to advise his client of the possible immigration consequence of entering a guilty plea violated that client's Sixth Amendment right to effective assistance of counsel. *Id.* at 1486. Shortly thereafter, Cabrera petitioned this Court to grant a writ of error *coram nobis* arguing that her counsel had provided ineffective assistance under *Padilla*.[2]

## II. Legal Analysis

The writ of error *coram nobis* is available to federal courts in criminal matters under the All Writs Act, 28 U.S.C. § 1651(a), where an individual is no longer in custody. *United States v. Stoneman*, 870 F.2d 102, 105 (3d Cir. 1989) (citing *United States v. Morgan*, 346 U.S. 502 (1954)). The writ is an "extraordinary" form of relief reserved for "exceptional circumstances." *Id.* at 106. "Only where there are errors of fact of the most fundamental kind . . . such as to render the proceeding itself irregular and invalid, can redress be had." *Id.* (quotation omitted). The relief granted may include vacating the conviction, which is what Cabrera seeks here. A petitioner must show: (1) a fundamental defect occurred; (2) she is suffering from continuing consequences of the allegedly invalid conviction; (3) there was no remedy available at the time of trial; and (4) sound reasons exist for failing to seek relief earlier. *Id.*

The only issue requiring much analysis in Cabrera's case is whether there was a fundamental defect in the proceedings; again, assuming the truth of her allegations, Cabrera has satisfied the three additional requirements of the writ. The threat of deportation is a continuing consequence of her conviction. *See, e.g.*, *Mashni v. United States*, 2006 WL 208564, at *3 (D.N.J. Jan. 25, 2006) ("[By] alleging the issuance of a final order of deportation based upon his federal court conviction, Mashni has adequately asserted continuing consequences flowing from that conviction."). She could not have raised her ineffective assistance of counsel claim at the time of trial, because, in general, ineffective assistance of counsel claims may only be heard on collateral review. *See United States v. Haywood*, 155 F.3d 674, 678 (3d Cir. 1998). And because her primary argument relies on the Supreme Court's March 31, 2010 *Padilla* decision, she has a sound reason for failing to seek relief earlier. *See, e.g.*, *Gudiel-Soto v. United States*, 761 F. Supp. 2d 234, 237-38 (D.N.J. 2011).

---

[2] At the time that Cabrera filed her petition, the Third Circuit Court of Appeals had not yet ruled on the retroactive application of *Padilla*, and thus, a central issue of her case was whether *Padilla* applied retroactively. That issue is no more. On June 29, 2011, faced with a procedural posture and factual allegations remarkably similar to those involved here, the Third Circuit determined that *Padilla* applied retroactively to convictions already obtained through a guilty plea. *United States v. Orocio*, --- F.3d ----, 2011 WL 2557232, at *4-7 (3d Cir. June 29. 2011) (conducting retroactivity analysis under *Teague v. Lane*, 489 U.S. 288 (1989)).

Ineffective assistance of counsel, if shown, can constitute a fundamental defect. *United States v. Rad-O-Lite of Philadelphia, Inc.*, 612 F.2d 740, 744 (3d Cir. 1979). To make out a claim of ineffective assistance of counsel, a petitioner must show that her counsel's performance was deficient and that the deficiency prejudiced her. *United States v. Orocio*, --- F.3d ----, 2011 WL 2557232, at *2 (3d Cir. June 29. 2011) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). As per *Padilla*, counsel performance is deficient if counsel fails to advise his client of the possible immigration consequences of a guilty plea. 130 S. Ct. at 1486. Again, assuming the truth of the allegations of the petition, Cabrera's counsel was defective because he did not apprise her of the possibility that she would be deported after accepting the plea agreement. *Id.* at *1. The fact that Cabrera was warned by the Government at her plea hearing that the plea agreement did not bind "any other agency, including the IRS or the Immigration and Naturalization Service from initiating a civil proceeding," is obviously insufficient to put Cabrera on notice of the likely collateral consequence of deportation. *See also Orocio*, 2011 WL 2557232, at *11-12.

When trying to establish prejudice under the second prong of *Strickland* in the context of guilty pleas, a petitioner must show that but-for the ineffective assistance of counsel there was a reasonable probability that she would not have accepted the plea bargain. *See Boyd v. Waymart*, 579 F.3d 330, 354 (3d Cir. 2009). A reasonable probability is much less than certainty and even less than a preponderance of the evidence. *Id.* The petitioner must only "'convince the court that a decision to reject the plea bargain would have been rational under the circumstances.'" *Orocio*, 2011 WL 2557232, at *7 (quoting *Padilla*, 130 S. Ct. at 1485).

The Government argues that it would have been irrational for Cabrera to have rejected what it considers a highly favorable plea bargain. Setting the deportation issue aside, Cabrera received a light sentence, serving only a three-year probationary term when faced with exposure of 10 to 16 months of imprisonment. But there is no indication that either Cabrera or the Government had the deportation consequences in mind at the time of the agreement. Cabrera argues that alternate arrangements were possible. Under 8 U.S.C. § 1101(a)(43)(M)(i), Cabrera was guilty of an aggravated felony – and was thus deportable – because she pled guilty to fraud causing losses to the United States of greater than $10,000. But she alleges that the actual evidence presented by the Government shows that the fraud she committed was well under $10,000.  As such, it is possible that Cabrera could have pled guilty to a fraud charge involving less than $10,000, or insisted on going to trial, and thus, possibly avoided deportation under 8 U.S.C. § 1101(a)(43)(M)(i). It would have been rational for Cabrera to reject the plea bargain in face of such alternatives.

### III. Conclusion

Cabrera's petition is legally sufficient. Because Cabrera has established a valid ground for a claim for relief, the Court will now hold an evidentiary hearing to establish the truth of her factual allegations so that it can determine whether to issue the writ sought. *See Orocio*, 2011 WL 2557232, at *12; *see also U.S. v. Chaidez*, 730 F. Supp. 2d 896, 905 (N.D. Ill. 2010). Cabrera should be prepared to present evidence on all elements of her petition. The Court will also allow the Government to cross examine Cabrera and present any evidence contradicting the facts as alleged.

An appropriate order follows.

        /s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**